UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60420-CIV-SMITH/HUNT

THOMAS ROGERS,

        Plaintiff,

vs.

W.R. BERKLEY CORPORATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendant's Motion for Attorney's Fees. ECF No. 73. The Honorable Rodney Smith referred Plaintiff's Motions to the undersigned for a report and recommendation. ECF No. 79; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the response and reply thereto, the case file, and applicable law, the undersigned respectfully RECOMMENDS the Motion be GRANTED IN PART and DENIED IN PART as set forth below.

This action initially arose out of an automobile accident in which Plaintiff was injured. After settling the case, Plaintiff filed a Complaint in Florida state court alleging claims of bad faith insurance practices, fraudulent misrepresentation, unfair claims handling, and punitive damages against Defendants. Defendant W.R. Berkley Corporation ("WRBC") removed the state court action to this Court, where it was ultimately dismissed.

As an initial matter, the undersigned finds that Defendant is entitled to reasonable attorney's fees and costs.  As Defendant points out, and Plaintiff does not dispute,[1] a relevant settlement agreement between the Parties contains an attorney's fees clause for the prevailing party.  See ECF No. 49-4 at *5.  The Court found that Plaintiff's claims against Defendant should be dismissed with prejudice, in that they were simply not cognizable claims and patently frivolous.  ECF No. 67 at *5.  As the prevailing party, per the terms of the settlement agreement, Defendant is entitled to reasonable attorney's fees.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299.  In addition to evidence presented by

---

[1] In response, Plaintiff made no specific objections to Defendant's requests, instead challenging the validity of the Court's decision to dismiss the case.  ECF No. 74.  The Court has since ruled on these objections, ECF Nos. 80; 103, and the undersigned need not revisit them.

the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.  *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'"  *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

A.  <u>Reasonable Hourly Rate</u>

Plaintiff seeks attorney's fees based upon professional services rendered.  When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors.  *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered the attorneys' affidavits and the twelve factors. Because of their practice, reputation, and legal experience, counsel request the following hourly rates:

- Joseph V. Manzo, a Capital Partner with Hinshaw & Culbertson LLP, has been practicing law in Florida for approximately 17 years and requests a rate of $290.00 per hour.

- Vicente I. Cortesi, an Associate with Hinshaw & Culbertson LLP, has been practicing law in Florida for approximately five years and requests a rate of $240 per hour.

- Jamie Hodges, a paralegal with Hinshaw & Culbertson LLP, is licensed in Florida, has more than 30 years of experience, and requests a rate of $135.00 per hour.

Comparable fee awards indicate the proposed rates are well below rates previously awarded in the Southern District. *See, e.g.*, *Domond v. PeopleNetwork APS*, 750 F. App'x. 844, 848 (11th Cir. 2018) (determining that the average partner rate of $655 was reasonable); *Karpel v. Knauf Gips KG*, No. 21-24168-CIV-SCOLA, 2023 WL 22173, at *2 (S.D. Fla. Jan. 3, 2023) (finding that attorney rates ranging from $365.00 to $595.00 were reasonable).

Regarding the paralegal, "in general, fees for paralegal or other non-attorney work are recoverable to the extent that the [professional] performs work traditionally done by an attorney." *TYR Tactical, LLC v. Productive Prod. Enter., LLC*, No. 15-61741-CIV-BLOOM/VALLE, 2018 WL 3110799, at *5 (S.D. Fla. Apr. 11, 2018), *report and recommendation adopted sub nom. TYR Tactical, LLC v. Protective Prod. Enterprises, LLC*, No. 15-61741-CIV-BLOOM/VALLE, 2018 WL 3109624 (S.D. Fla. Apr. 30, 2018), *amended*, No. 15-61741-BLOOM/VALLE, 2018 WL 2672391 (S.D. Fla. June 5, 2018) (internal quotation omitted). A review of Plaintiff's submissions shows that the compensable paralegal work was of the kind traditionally done by an attorney. Further, the undersigned finds the rate requested reasonable. *Id.* at *10 (finding $150 per hour reasonable for paralegals).

Accordingly, the requested hourly rates are approved.

B. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

According to Defendant, Manzo, a partner, spent 65.3 hours working on the case. Cortesi, an associate, spent 0.9 hours on the case, while Hodges, a paralegal, spent 16.8 hours on the case.   An examination of the docket demonstrates that Plaintiff was a prolific litigant, filing numerous motions throughout the case, none of which appear to have been successful.  Despite the fact that this Court dismissed Plaintiff's claims as frivolous in June 2025, see ECF No. 67, Plaintiff has continued filing as recently as October 2025, leading the docket to contain nearly 40 additional entries since closure of the case.  Again, none of these filings were found to have merit.   Given how prolific Plaintiff has been in his filings, and the responses required by Defendants to those filings, the undersigned finds the number of hours claimed reasonable.

C. <u>Lodestar Amount and Adjustment</u>

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees."  *Id*. at 554–56.

In this case, the undersigned finds no reason to depart from the lodestar, calculation. Therefore, Defendant should be awarded $18,937 for Manzo (65.3 hours at $290 per hour), $216 for Cortesi (0.9 hours at $240 per hour); and $2,268 for Hodges (16.8 hours at $135 per hour), for a total award of $21,421.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 73, be GRANTED to the extent that Defendant should be awarded attorney's fees in the amount of $21,421.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 13th day of January 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Rodney Smith
All Counsel of Record